Michael A. Troisi (MT 2002)
Brian L. Bank (BB 5995)
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556
Telephone:   (516) 357-3000
Facsimile:   (516) 357-3333

*Counsel for Defendant Sentinel Insurance Company, Limited*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WOODS & JAYE SALES COMPANY, INC., and                               Docket No.: 18-cv-2255
WOODS & JAYE REALTY COMPANY, LLC.,

           Plaintiffs,

    -against-

SENTINEL INSURANCE COMPANY LIMITED,

           Defendant.
-------------------------------------------------------------------X

## NOTICE OF REMOVAL

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C. §§ 1441 and 1446(a), Defendant SENTINEL INSURANCE COMPANY, LIMITED ("Sentinel"), by and through its undersigned counsel, Rivkin Radler LLP, hereby gives notice of the removal of the above-captioned matter from the Supreme Court of the State of New York, County of Queens, where the action is now pending, to the United States District Court for the Eastern District of New York, and respectfully states as follows:

1.    Plaintiffs WOODS & JAYE SALES COMPANY, INC. and WOODS & JAYE REALTY COMPANY, LLC (collectively, "Plaintiffs") commenced this action (the "Action") on or about April 4, 2018, through the filing of a Summons and Complaint against Sentinel in the Supreme Court of the State of New York, County of Queens, under Index No. 705135/2018.

Annexed hereto as Exhibit "A" is a copy of all process, pleadings, and/or orders that have been filed in the Action and/or served upon Sentinel, as required by 28 U.S.C. § 1446(a).

2. This Notice of Removal is being filed within thirty (30) days of the receipt by Sentinel of the Complaint and therefore is timely filed pursuant to 28 U.S.C. §§ 1441, 1446(b).

3. Removal of this action is proper because this is a civil action in which Plaintiffs seek monetary relief in excess of $75,000.00 against Sentinel and there is complete diversity within the meaning of 28 U.S.C. § 1332 between Plaintiffs and Sentinel.

4. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1446(a) because this action is pending in Queens County, which is within the Eastern District of New York.

## I.
## Nature of the Case

5. This Action is of a civil nature in which Plaintiffs seek monetary relief against Sentinel in connection with Sentinel's handling of a claim tendered by Plaintiffs under an insurance policy.

6. Specifically, in the Complaint, Plaintiffs allege that on July 25, 2016, they sustained damage to a building covered by an insurance policy issued by Sentinel. See Ex. (Compl.) at ¶¶ 5-7. Plaintiffs further allege that they submitted a claim to Sentinel for such damage, which they allege was caused by a covered peril enumerated in the insurance policy. See Ex. A (Compl.) at ¶¶ 7-9.

7. Plaintiff assert that, despite the policy being in effect on the date of loss, Sentinel failed to fairly, timely, and accurately adjust Plaintiffs' claim following the loss. See Ex. A (Compl.) at ¶ 13.

8. Plaintiffs assert a single cause of action against Sentinel for breach of contract/breach of the implied covenant of good faith and fair dealing. See Ex. A (Compl.) at ¶¶ 4-22.

9. Plaintiffs seek an award of compensatory damages in an amount no less than $500,000.00, consequential damages, reasonable attorney's fees, interest, and costs and disbursements. See Ex. A (Compl.) at ¶¶ 11, 17, 22, WHEREFORE.

## II.
## The Requirements for Removal Are Satisfied

10. The requirements for diversity jurisdiction under 28 U.S.C. § 1332(a)(1) are satisfied.

**A.     Diversity of Citizenship**

11. At the time this lawsuit was filed and as of the date of this notice, Plaintiff WOODS & JAYE SALES COMPANY, INC. was and is a citizen of the State of New York because it is a New York business corporation with its principal places of business in New York. See 28 U.S.C. § 1332(c)(1); Ex. A (Compl.) at ¶ 1. Sentinel is unaware of any other state or jurisdiction in which Plaintiff WOODS & JAYE SALES COMPANY, INC. is a citizen for purposes of 28 U.S.C. § 1332.

12. At the time this lawsuit was filed and as of the date of this notice, Plaintiff WOODS & JAYE REALTY COMPANY, LLC was and is a citizen of the State of New York because it is a New York limited liability company. See 28 U.S.C. § 1332(c)(1); Ex. A (Compl.) at ¶ 2. Sentinel lacks knowledge as to the identities and citizenships of each of the members of Plaintiff WOODS & JAYE REALTY COMPANY, LLC. As such, pursuant to Local Civil Rule 81.1, Plaintiff WOODS & JAYE REALTY COMPANY, LLC shall file in the office of the Clerk a statement containing such information within twenty-one (21) days after removal.

13. At the time this lawsuit was filed and as of the date of this notice, Sentinel was and is a citizen of the State of Connecticut because it is a Connecticut corporation with its principal places of business in Connecticut. See 28 U.S.C. § 1332(c)(1); see also Ex. A (Compl.) at ¶ 3. According to Plaintiffs' affidavit of service, Sentinel was served with the Summons and Complaint on April 5, 2018 through the Superintendent of Insurance. See Ex. A (Affidavit of Service).

14. Accordingly, the diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied.

**B.** **Amount in Controversy**

15. On its face, the Complaint seeks compensatory damages in an amount no less than $500,000.00, thus satisfying the amount in controversy requirement of 28 U.S.C. § 1332(a)(1). See Ex. A (Compl.) at ¶¶ 11, WHEREFORE.

**III.**
**The Other Procedural Requisites for Removal are Satisfied**

16. Removal is timely under 28 U.S.C. §§ 1446(b), 1453 because the Complaint is the first pleading, motion, Order, or other paper from which it could first be ascertained that this action is one which is or has become removable. This Notice of Removal is filed within thirty (30) days of receipt of a copy of the Complaint, which was filed on April 4, 2018 and served on April 5, 2018. Pursuant to 28 U.S.C. § 1446(a), the Complaint is annexed hereto as part of Exhibit "A".

17. Sentinel will give written notice to Plaintiffs (through their counsel) of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

18. A copy of this Notice of Removal and a Notice of Filing the Notice of Removal will be filed by Sentinel with the Clerk of the Supreme Court of the State of New York, County

of Queens, as required by 28 U.S.C. § 1446(d). Sentinel has thus satisfied the requirements for removal under 28 U.S.C. § 1446 and all applicable rules.

## IV.
## Conclusion

19.     For all the foregoing reasons, Sentinel respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law. Sentinel intends no admission of liability by this Notice and expressly reserve all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiffs' pleading.

Dated: Uniondale, New York
      April 17, 2018

                                  Respectfully submitted,

                                  RIVKIN RADLER LLP

                                  By: /s/ Brian L. Bank
                                       Michael A. Troisi (MT 2002)
                                       Brian L. Bank (BB 5995)
                                  926 RXR Plaza
                                  Uniondale, New York 11556
                                  Telephone:   (516) 357-3000
                                  Facsimile:    (516) 357-3333

                                  *Counsel for Defendant Sentinel Insurance Company, Limited*

3970019 v1